**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

JOE MARCONI, ADELINA MARCONI,
RICHARD A. BENSON, LOUIS M. BENSON,
DANIEL J. SOLIZ, MARGRET M. SOLIZ,
MARY POPIEL, JOHN WULFF, and EMIL
GOELLNER, individually and on behalf of
others similarly situated,

     Plaintiffs,

  v.

INDIANA MUNICIPAL POWER AGENCY,
IMPA SERVICES CORPORATION,
RAJESHWAR G. RAO, SARGENT & LUNDY,
L.L.C., and SKELLY AND LOY, INC.,

    Defendants,

  and

PEABODY ENERGY INC., PRAIRIE STATE
GENERATING COMPANY, LLC., PRAIRIE
STATE ENERGY CAMPUS MANAGEMENT,
INC., LIVELY GROVE ENERGY PARTNERS,
LLC., NORTHERN ILLINOIS MUNICIPAL
POWER AGENCY, ILLINOIS MUNICIPAL
ELECTRIC AGENCY, AMERICAN
MUNICIPAL POWER AGENCY-OHIO, INC.,
KENTUCKY MUNICIPAL POWER AGENCY,
MISSOURI JOINT MUNICIPAL
ELECTRIC UTILITY COMMISSION,
PRAIRIE POWER, INC., SOUTHERN
ILLINOIS POWER COOPERATIVE, CMS
ENTERPRISES COMPANY, WISCONSIN
PUBLIC POWER, INC., WOLVERINE
POWER SUPPLY COOPERATIVE, INC.,
BECHTEL CORP., R.W. BECK, INC. k/n/a
SCIENCE APPLICATIONS
INTERNATIONAL CORP.,
CITY OF ROCHELLE, CITY OF GENEVA,
and CITY OF BATAVIA,

    Respondents in Discovery.

Case No. <u>1:14-cv-7291</u>

**<u>NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE that Defendants Indiana Municipal Power Agency ("IMPA") and Rajeshwar G. Rao (collectively, the "Removing Defendants"), by their undersigned counsel and pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d), 1446, and 1453 ("CAFA"), hereby remove to this Court the lawsuit captioned *Marconi et al. v. Indiana Municipal Power Agency et al.*, Case No. 14 L 386, filed in the Circuit Court of Kane County, Illinois (the "Action"). In support of the Notice of Removal, the Removing Defendants state as follows:

## I.    INTRODUCTION

1.    On August 19, 2014, Plaintiffs Joe Marconi, Adelina Marconi, Richard A. Benson, Louis M. Benson, Daniel J. Soliz, Margret M. Soliz, Mary Popiel, John Wulff, and Emil Goellner ("Plaintiffs") filed this Action on behalf of themselves and a putative class. (*See* "Complaint," attached hereto as Exhibit 1.)

2.    Plaintiffs allege that they are business and property owners of Batavia, Illinois and that, under a 30-year contract (the "Power Agreement") entered into between the City of Batavia and the Northern Illinois Municipal Power Agency ("NIMPA") for electricity, the initial power rates incurred by the City of Batavia are too high. (Complaint ¶¶ 3, 34, 53.)

3.    Under the Power Agreement, electricity is supplied from the Prairie State Energy Campus ("PSEC"), a coal-fired electric generating facility located adjacent to a coal mine in southern Illinois (Complaint ¶¶ 32-33), commonly referred to as a "mine mouth" facility. Plaintiffs allege that construction overruns and initial operating issues of PSEC have increased the rates the City of Batavia currently pays for electricity and, in turn, the rates residents of Batavia pay and the Batavia sales tax. (Complaint ¶¶ 97, 134.) According to Plaintiffs, PSEC is part of an 8-State project with 2.5 million users. (Complaint ¶ 34.)

4.      Plaintiffs do not assert any claim against the City of Batavia, NIMPA, or PSEC, other than to name them and several other entities as "respondents in discovery" under Section 2–402 of the Illinois Code of Civil Procedure.  *See* 735 Ill. Comp. Stat. 5/2-402.  Instead, Plaintiffs direct their flawed claims to IMPA, a partial owner of PSEC, and Rajeshwar G. Rao, IMPA's current President and CEO.  (Complaint ¶¶ 4, 6.)  Plaintiffs have also sued IMPA Services Corporation, which Plaintiffs allege was a subsidiary of IMPA, hired by the City of Batavia to study electrical supply options to replace Batavia's then-existing contract for power with Commonwealth Edison.  (Complaint ¶ 5.)  Inexplicably, Plaintiffs also asserted claims against Sargent & Lundy L.L.C. and Skelly and Loy, Inc., consultants who provided services to IMPA and NIMPA "with respect to *their* [meaning IMPA and NIMPA] involvement in PSEC." (Complaint ¶¶ 7-8 (emphasis added).)

5.      Plaintiffs define the putative class as "those ratepayers within Batavia who were charged by the Batavia Municipal Electric Utility department for electricity generated at PSEC since its opening."  (Complaint ¶ 124.)  Plaintiffs allege a variety of purported class-wide damages, including $19.8 million for increased power costs from January 2012 to May 2014. (Complaint ¶¶ 116-17.)

6.      Plaintiffs' Complaint has six Counts.  Counts I through V allege negligent misrepresentation against each of the five named Defendants.  Each claim is deficient, but the claims against Sargent & Lundy and Skelly and Loy are particularly conclusory and vague. Count VI identifies 19 entities solely as "Respondents in Discovery" pursuant to 735 Ill. Comp. Stat. 5/2-402.[1]  A "respondent in discovery" pursuant to 735 Ill. Comp. Stat. 5/2–402 is not a

---

[1]  Section 2–402 provides that "[t]he plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of

defendant and thus its citizenship for purposes of diversity is irrelevant. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485 nn.2-3 (7th Cir. 1996); *Roe v. O'Donohue*, 38 F.3d 298, 300 (7th Cir. 1994).

7.     As demonstrated more fully below, this Action is removable pursuant to CAFA. The Action is a "class action" within the meaning of 28 U.S.C. §§ 1332(d)(1)(A)-(B), 1453(a); the removal is timely; there is minimal diversity of citizenship between Plaintiffs and Defendants; there are at least 100 putative plaintiff class members; and the amount in controversy exceeds $5,000,000, exclusive of interests and costs. *See id.* §§ 1332(d)(2), (d)(5)(B), (d)(6), 1441, 1446, 1453.  In addition, pursuant to 28 U.S.C. § 1446(a), the Removing Defendants have filed the state court record simultaneously with this Notice of Removal. *See* Exhibit 1, attached.  They will also provide notice to the adverse parties and will file with the Circuit Court of Kane County a copy of this Notice of Removal. *Id.* § 1446(d).

## II.     VENUE

8.     Venue in this Court is proper as this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending. *See* 28 U.S.C. § 1446(a).

---

who should properly be named as additional defendants to the action."  735 Ill. Comp. Stat. § 5/2–402.

### III.  TIMELINESS OF REMOVAL

9.      Plaintiffs filed the Action on August 19, 2014 (*see* Complaint at 1), after which the Removing Defendants received a copy of the Complaint.  Plaintiffs have not yet served the Removing Defendants with the Complaint or Summons.  Because this Notice of Removal is filed within 30 days of when the Removing Defendants received a copy of the Complaint, it is therefore timely.  *See* 28 U.S.C. §§ 1446(b), 1453.

### IV.  DIVERSITY OF CITIZENSHIP

9.      This Action satisfies CAFA's requirements for diversity of citizenship.

10.     Under CAFA, complete diversity of citizenship is not required.  Instead, CAFA requires only "minimal diversity," meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant."  *See* 28 U.S.C. § 1332(d)(2)(A).

11.     Plaintiffs are alleged to be business and property owners of Batavia, Illinois. (Complaint ¶ 3.)  At least some of them, therefore, are citizens or domiciles of the State of Illinois for purposes of CAFA (*see Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) ("For natural persons, state citizenship is determined by one's domicile.")), which requires "physical presence in a state, with intent to remain there" (*Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996)).

12.     Defendant IMPA maintains its principal place of business in, and is organized and existing under, the laws of the State of Indiana (Complaint ¶ 4), and is thus a citizen of Indiana for purposes of CAFA (*CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business.")).

13.     Defendant Rajeshwar G. Rao is a domicile of the State of Indiana.

14.     Because at least one Plaintiff is an Illinois citizen and the Removing Defendants are citizens of the State of Indiana, minimal diversity exists.  *See* 28 U.S.C. § 1332(d)(2)(A).

## V.     NUMBER OF PUTATIVE PLAINTIFF CLASS MEMBERS

14.     Under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be 100 or more.  *See* 28 U.S.C. § 1332(d)(5)(B).

15.     Here, the number of putative plaintiff Class members is more than 100.  Plaintiffs allege an estimated class of 9,554 members.  (Complaint ¶ 125.)  The Removing Defendants deny that the proposed class is proper, but for purposes of this Notice agrees that there are more than 100 putative class members.  This CAFA requirement is therefore satisfied.

## VI.     THE AMOUNT IN CONTROVERSY

16.     The Removing Defendants dispute that Plaintiffs have stated any viable claims, and also dispute that Plaintiffs and the putative class members are entitled to any relief. Nevertheless, it is evident from the allegations of the Complaint and the nature of Plaintiffs' claims that the amount *in controversy* exceeds CAFA's jurisdictional threshold of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2), (d)(6).

17.     Plaintiffs are seeking damages for increased electric rates paid by the putative class beginning in January 2012.  (Complaint ¶¶ 134a, 140a, 146a, 153a, 160f.)  In addition, Plaintiffs are seeking damages for a July 1, 2014 sales tax increase of .50% by the City of Batavia to support a utility rate increase which Plaintiffs also allege is being paid by the putative class.  (Complaint ¶¶ 134b, 140b, 146b, 153b, 160g.)  Plaintiffs also allege damage to the quality of life of the putative class members (Complaint ¶¶ 134c-d, 140c-d, 146c-d, 153c-d, 160h-i) and are seeking punitive damages (Complaint at 28, 30, 31, 33, 34).

18.     For increased electric rates allegedly paid by the putative class for the period of January 2012 to May 2014 alone, Plaintiffs are seeking damages in excess of $19.8 million. (Complaint ¶¶ 116-17.)

19.     Accordingly, the amount in controversy in this matter exceeds $5,000,000, exclusive of interest and costs.

## VII.    THE EXCEPTIONS TO CAFA ARE NOT APPLICABLE

20.     CAFA allows for exceptions to the application of federal jurisdiction (*see* 28 U.S.C. § 1332(d)(3)-(5), (9)), but none of them are applicable to this case.

21.     Accordingly, because the CAFA prerequisites are met and none of the exceptions apply, this case is properly removable under CAFA.

## VII.    NON-WAIVER OF DEFENSES

22.     By filing this Notice of Removal, the Removing Defendants do not waive any defenses available to them.

23.     By filing this Notice of Removal, the Removing Defendants do not admit any of the allegations in the Plaintiffs' Complaint.  The Removing Defendants expressly reserve the right to contest those allegations at the appropriate time.

WHEREFORE, the Removing Defendants remove the above-captioned action from the Circuit Court of Kane County, and request that further proceedings be conducted in this Court as provided by law.

**Dated**: September 18, 2014

Respectfully submitted,

/s/William C. O'Neil
Lawrence R. Desideri
William C. O'Neil
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
ldesideri@winston.com
woneil@winston.com

*Attorneys for Defendants Indiana Municipal*
*Power Agency and Rajeshwar G. Rao*